IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WALTER H. HOLLOWAY, | ) | 8:18CV208 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| OMAHA PUBLIC POWER | ) | |
| DISTRICT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his pro se Complaint on May 11, 2018 (Filing No. 1), and was given leave to proceed in forma pauperis on May 14, 2018 (Filing No. 5). The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I. SUMMARY OF COMPLAINT

Plaintiff's Statement of Claim[1] reads: "I notice the truck sitting in the parking lot of the old Hyvee of 35h and the lisence of [license plate information redacted] and

---

[1] The instructions for the Statement of Claim section of the standard form pro se Complaint that was used in this case read as follows:

> Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiffs rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

(Filing No. 1 at CM/ECF p. 4)

the parking lot lights are on. I had the lights on for the property, he is using the bill to garnish my business royalitys of contract of 10% of interest every year pay." (Filing No. 1 at CM/ECF p. 4) (spelling and content as in original). Four Defendants are identified:

(1) Omaha Public Power District

(2) State of Nebraska, Dept of Utilities Shareholders

(3) Nebraska Food Broker Lisnce Bureau

(4) Gay Stalker of Past Contracts of Business Write Up Partnership of Business's [2]

(Filing No. 1 at CM/ECF p. 2) (spelling as in original). Since filing his Complaint, Plaintiff has submitted correspondence (Filing No. 6), which the court has considered as a supplemental pleading for purposes of this initial review.

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also*

---

[2] This Defendant is further identified as "the current problem of records pending of 8:18cv00135 [and] 8:18cv00108 and conspiracy of rumour spreading at Skinner Bakery 46 F Omaha." (Filing No. 1 at CM/ECF p. 2) The two referenced cases were dismissed on initial review and are currently on appeal to the Eighth Circuit.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

The court is not convinced it has subject-matter jurisdiction over this action. Plaintiff alleges subject-matter jurisdiction exists pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. Under section 1332, the citizenship of each plaintiff must be different from the citizenship of each defendant. *Ryan v. Schneider Nat'l. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). Plaintiff is a resident of Nebraska, which is the state of citizenship for at least three of the named Defendants.

In addition, the amount in controversy must be greater than $75,000.00. 28 U.S.C. § 1332(a). Where a complaint "alleges a sufficient amount in controversy to establish diversity jurisdiction, but . . . the court questions whether the amount alleged is legitimate, the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *Missouri v. Western Surety Company*, 51 F.3d 170, 173 (8th Cir. 1995). Plaintiff does not claim to have suffered any damages, but alleges: "I will accept $75,000.00 as a safety tip for the community. The Gay person has uncurable disease and targets broke persons with no money while he works at temp areas of work." (Filing No. 1 at CM/ECF p. 4)

In any event, no facts are alleged in the Complaint to state a claim upon which relief may be granted. The court has carefully reviewed Plaintiff's pleadings and can find no plausible claim against Defendants, who Plaintiff accuses of "trying to keep [him] in a Gay Community and being broke ...." (Filing No. [1 at CM/ECF p. 4](1 at CM/ECF p. 4))

### IV. CONCLUSION

The court does not appear to have subject-matter jurisdiction in this case, and, regardless, Plaintiff does not have an actionable tort claim against Defendants. The court finds that Plaintiff's Complaint is frivolous, and that granting him leave to amend would be futile. Accordingly,

IT IS ORDERED that Plaintiff's Complaint is dismissed without prejudice, and Judgment will be entered by separate document.

DATED this 22nd day of May, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge